# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        **Plaintiff,**

  v.                                      Case No. 13-CR-042

**DAVID PIEROTTI**
        **Defendant.**

## DECISION AND ORDER

The government charged defendant David Pierotti with making a false statement in connection with the attempted acquisition of a firearm, contrary to 18 U.S.C. § 922(a)(6). Specifically, the government alleges that defendant in filling out the ATF form for the purchase falsely denied his previous conviction of a misdemeanor crime of domestic violence. Defendant moved to dismiss the indictment, arguing that his statement could not have been false because his conviction of battery under Wis. Stat. § 940.19(1) does not, as a matter of law, constitute a misdemeanor crime of domestic violence.[1] The magistrate judge handling pre-trial proceedings in this case issued a recommendation that the motion be denied.

Defendant objects to the recommendation. My review is de novo. See Fed. R. Crim. P. 59(b).

---

[1]The indictment alleges that defendant has a prior conviction for a misdemeanor crime of domestic violence in Waushara County Case No. 2011CF000103; it does not specify the statute under which the conviction arose. Ordinarily, a court considering a motion to dismiss cannot go outside the four corners of the indictment. In the present case, however, it is undisputed that the conviction arose under Wisconsin's misdemeanor battery statute, Wis. Stat. § 940.19(1), and the parties agree that the issue may addressed on pre-trial motion. See United States v. Risk, 843 F.2d 1059, 1061 (7th Cir. 1988).

The term "misdemeanor crime of domestic violence" means an offense that:

(i) is a misdemeanor under Federal, State, or Tribal law; and

(ii) has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, or by a person similarly situated to a spouse, parent, or guardian of the victim[.]

18 U.S.C. § 921(a)(33)(A). Wisconsin's battery statute provides: "Whoever causes bodily harm to another by an act done with intent to cause bodily harm to that person or another without the consent of the person so harmed is guilty of a Class A misdemeanor." Wis. Stat. § 940.19(1). Defendant argues that Wisconsin's statute does not require, as an element, the use or attempted use of physical force.

As the magistrate judge noted, while the Seventh Circuit has not addressed this precise issue, judges of this district court have concluded that Wisconsin's battery statute does describe a misdemeanor crime of domestic violence. United States v. Price, No. 12-CR-238, 2013 WL 257218 (E.D. Wis. Jan. 23, 2013) (Stadtmueller, J.); United States v. Bornfleth, No. 10-CR-180 (E.D. Wis. Feb. 14, 2011) (Randa, J.) (Order adopting Report and Recommendation); United States v. Marciniak, 10-CR-184, 2011 WL 124299 (E.D. Wis. Jan. 14, 2011) (Adelman, J.). I adhere to my conclusion in Marciniak.

In Marciniak, I found significant support in Johnson v. United States, 130 S. Ct. 1265 (2010), where the Supreme Court in construing Florida's battery statute concluded that the phrase "physical force" meant "violent force – that is, force capable of causing physical pain or injury to another person." Id. at 1271 (citing Flores v. Ashcroft, 350 F.3d 666, 672 (7th Cir. 2003)). Wisconsin's definition of "bodily harm" – "physical pain or injury, illness, or any

2

impairment of physical condition," Wis. Stat. § 939.22(4) – essentially tracks the Johnson Court's definition of physical force. I likewise found support in a trio of Seventh Circuit cases – LaGuerre v. Mukasey, 526 F.3d 1037 (7th Cir. 2008); United States v. Rodriguez-Gomez, 608 F.3d 969 (7th Cir. 2010); and United States v. Aviles-Solarzano, 623 F.3d 470 (7th Cir. 2010) – which held that similar "causing bodily harm" statutes described crimes of violence.

In his objection, defendant notes that Johnson only addressed whether a statute that could be violated through mere offensive touching required physical force. It is true that Johnson does not directly control the outcome in this case. However, defendant makes no attempt to explain why the Court's definition of "physical force" does not, in light of Wisconsin's near identical definition of "bodily harm," strongly support the conclusion that § 940.19(1) violations are misdemeanor crimes of domestic violence.

Defendant also attempts in his objection to distinguish Rodriguez-Gomez. As defendant notes, the primary question in that case was which prong of Illinois' battery statute the defendant violated, the "causes bodily harm" prong or the "physical contact of an insulting or provoking nature" prong. 608 F.3d at 973. After reviewing the record, the court held that the defendant was "convicted under the first prong of the battery statute, and that the first prong of the statute requires the 'use, attempted use, or threatened use of physical force.'" Id. at 973-74. Defendant contends that the court did not address the precise argument he raises, as Rodriguez improperly conceded that the "outcome-based" section of the statute had an element of physical force. Nothing in the decision suggests that the court's conclusion rested on any such concession. Further, although the court of appeals did not discuss the issue at great length, it clearly held that the "causes bodily harm" prong of the statute constituted a crime of violence, as the next paragraph of the decision, in which it distinguished Johnson,

3

makes plain.[2]

Defendant further argues that Rodriguez-Gomez could not have fully considered the issue, as the Seventh Circuit failed to circulate the opinion under Rule 40(e) after creating a circuit split with those courts of appeals holding that such outcome-based statutes do not have an element of force. As I noted in Marciniak, it would not be appropriate to ignore the holding of this (and the other cases cited above) based on speculation about the Seventh Circuit's implementation of its rules. 2011 WL 124299, at *4 n.5.

Finally, defendant notes that Rodriguez-Gomez concerned the definition of the term "crime of violence" in U.S.S.G. § 2L1.2(b)(1), rather than 18 U.S.C. § 921(a)(33). As with the Johnson decision, I agree that Rodriguez-Gomez does not directly control here. However, defendant makes no effort to distinguish the virtually identical definitions of "crime of violence" in these two provisions. Compare U.S.S.G. § 2L1.2 cmt. n.1(B)(iii) ("'Crime of violence' means . . . any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another."), with 18

---

[2]The court stated:

Johnson is easily distinguishable. There, the Supreme Court held that because under Florida's law, any intentional physical contact, "no matter how slight" constitutes a battery, it was not clear that the defendant's previous conviction for battery had the requisite "physical force against the person of another" to warrant a sentence enhancement. Johnson, 130 S. Ct. at 1269-70. However, here, based on the recitation of the charging document, it is clear that Rodriguez was charged under the first prong of the Illinois statute because he was charged with "caus[ing] bodily harm to an individual." Similarly, [United States v. Jaimes-Jaimes, 406 F.3d 845 (7th Cir. 2005)] is distinguishable because there, the statutory elements of his crime imposed no requirement that the state prove, as an element of the offense, that the defendant used, attempted to use, or threatened to use physical force "against the person of another."

Id. at 974.

4

U.S.C. § 921(a)(33) ("The term 'misdemeanor crime of domestic violence' means an offense that . . . has, as an element, the use or attempted use of physical force[.]").

Before the magistrate judge, defendant posited scenarios in which one could cause bodily harm without using physical force. However, the court in applying the categorical approach considers the ordinary case, not fringe possibilities. Marciniak, 2011 WL 124299, at *4; see also James v. United States, 550 U.S. 192, 208 (2007) ("We do not view that approach as requiring that every conceivable factual offense covered by a statute must necessarily present a serious potential risk of injury before the offense can be deemed a violent felony."); Gonzales v. Duenas-Alvarez, 549 U.S. 183, 193 (2007) ( "[T]o find that a state statute creates a crime outside the generic definition of a listed crime in a federal statute requires more than the application of legal imagination to a state statute's language. It requires a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime."). Tellingly, defendant is unable to cite a single Wisconsin battery case not involving the use of force against the victim,[3] and I decline to base

---

[3]The only Wisconsin case defendant cited is State v. Higgs, 230 Wis. 2d 1 (Ct. App. 1999), in which the court upheld the battery conviction of a defendant who threw a cup of urine at the victim. As I explained in Marciniak, the issue on appeal in Higgs was whether the defendant's conduct caused "bodily harm." Because Wisconsin's battery statute is not violated by conduct that is merely "offensive," the court considered whether the record contained sufficient evidence that the victim was physically harmed. Based on the victim's testimony that the urine got in his eyes, causing a burning and stinging sensation, the court upheld the conviction. The court concluded "that the act of throwing urine which strikes another and causes pain constitutes a battery." Id. at 16. Intentionally throwing something at another person, striking him and causing pain, involves the use of physical force. Nothing in Johnson or the Seventh Circuit cases cited in the text above suggests that the physical force must involve the defendant's body coming into direct contact with the victim's body. If that were the rule, violent assaults involving weapons or objects, which will often be more dangerous than unarmed attacks, would fall outside the coverage of the statute. Marciniak, 2011 WL 124299, at *4 n.7. It would also be odd to say that the "threatened use of a deadly weapon" is covered under § 921(a)(33), but that the actual use of an object or weapon to harm the victim is not.

5

this decision on hypotheticals about sour milk or smelly fish.[4]  Battery-causing bodily harm will in the ordinary case require the use of physical force, and based on logic, precedent, and common sense, I find that it constitutes a (misdemeanor) crime of (domestic) violence.

**THEREFORE, IT IS ORDERED** that the magistrate judge's recommendation (R. 15) is adopted, and defendant's motion to dismiss (R. 11) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 11th day of June, 2013.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

---

[4]Defendant cites United States v. Villegas-Hernandez, 468 F.3d 874, 879 (5th Cir. 2008), and Chrzanoski v. Ashcroft, 327 F.3d 188, 195-96 (2d Cir. 2003), in which the courts also hypothesized examples of intentionally causing physical injury without the use of force. However, these courts engaged in the type of analysis rejected by James.  See United States v. Taylor, 630 F.3d 629, 634 (7th Cir. 2010) ("Taylor argues that there are ways to touch someone in a rude, insolent, or angry manner using a deadly weapon that do not necessarily involve the use, attempted use, or threatened use of force.  While there may be hypothetical situations where this might be true (one involving utensils at a particularly contentious Thanksgiving dinner came up during oral argument), such possibilities are outliers.  In applying the categorical approach, we are concerned with the ordinary case, not fringe possibilities.").